**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATALIYA KYRYLENKO,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-70590

Agency No. A075-758-576

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Nataliya Kyrylenko, a native and citizen of Ukraine, petitions for review of

the Board of Immigration Appeals' ("BIA") denial of her motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the BIA's denial of a motion to reopen.  *Najmabadi v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Kyrylenko's motion to reopen as untimely because the motion was filed over four years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Kyrylenko failed to establish materially changed circumstances in Ukraine to qualify for the regulatory exception to the time limitations for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 988-89 (evidence of changed circumstances must be qualitatively different from what could have been presented at prior hearing).

We lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**